Yehoram Uziel
19329 Bryant St.
Northridge, California 91324
Telephone: (818) 885-2588
Email: Yehoram@soligen.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Yehoram Uziel, an individual<br><br>Plaintiff,<br><br>vs.<br><br>Superior Court of the State of California for the County of Los Angeles, North Valley District Chatsworth Courthouse, Department F49, Honorable Judge David B. Gelfound<br><br>Steven A, Simons an individual<br>Robert A. Weiner an individual<br><br>Defendants. | CASE NO.: 2:25-CV-02364-DSF-DTB<br><br>**COMPLAINT OF UZIEL FOR DAMAGES:**<br><br>**(1) CONSPIRACY TO EXTORT MONEY FROM PLAINTIFF**<br>**(2) CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS VIOLATION OF 42 US CODE § 1985 (2) AND (3)**<br>**(3) MONEY EXTORTION**<br><br>Demand for a Jury Trial<br>Declaration of Yehoram Uziel |

COMES NOW Plaintiff Yehoram Uziel and alleges as follows:

## I. THE PARTIES

1. **Plaintiff:** Yehoram Uziel (hereafter "Uziel" or "Plaintiff) is a self represented individual who resides in 19329 Bryant St. Northridge CA. 91324. At all relevant time mentioned herein Plaintiff has been the owner of DC Partners, Inc., (hereafter "DC") a corporation duly organized under the laws of the State of California. As a self represented litigant Plaintiff is a member of protected class of litigants and therefore is entitled to equal protection under law pursuant to the 14th Amendment of the United States Constitution.

2. **Defendant No. 1:** Honorable Judge David D. Gelfound. Judge Gelfound is judge in the Superior Court of the State of California, County of Los Angeles, Chatsworth Courthouse Department F49 located at 9425 Penfield Ave. Chatsworth CA 9131.

3. **Defendant #2:** Steven A. Simons Esq. Mr. Simons has been the attorney of record of DC since 2012. The law office of Mr. Simons is located in 9010 Corbin Ave. Suite 17B in Northridge CA. 91324

4. **Defendant: #3:** Robert A. Wiener, Esq is a collection attorney located in 33960 Mevers Creek Road Acton, CA 93510. In March 2024, Mr. Simons hired Defendant #3 to extort money from UzielSuperior .

## II. JURISDICTION

5. Jurisdiction exist per Civil Codes 28 USC § 1343(a) (1) (2) and (3).

## III. INTRODUCTION, FACTS AND ALLEGATIONS

7. Plaintiff brings this action, in the Central District Court of the United States against Superior Court Judge David B. Gelfound, Steven A, Simons and Robert A. Weiner for damages arising from conspiracy to extort and the extortion of money from Plaintiff.

1
Uziel v LASC, et al Complaint

8. Plaintiff alleges a conspiracy of all defendants to abuse the Court' judicial power to permit Defendants 2 and 3 to abuse their litigation privileges in order to deprive Plaintiff of his constitutional rights to a fair trial granted under the fifth sixth and fourteen amendments of the US Constitution.

9. Plaintiff alleges conspiracy to interfere with Plaintiff' Civil Rights pursuant to 42 USC section 1985 (2) and (3).

10. This case arises from Judge Gelfound' decision to issue ex parte default judgment against Plaintiff in violation of Federal Rule of Civil Procedure Rule 11 and a refusal of the Court to allow Plaintiff to litigate the dispute, as mandated by law, in Superior Court, Dept. F49.

11. Plaintiff alleges that since no hearing or trial were conducted, the Rooker Feldman doctrine does not apply, clearing the proceeding to a jury trial.

12. Plaintiff alleges that on 3/19/2024 Defendants filed a complaint in violation of CCP section 128.6 (similar to FRCP Rule 11) for the purpose of harassing Uziel, against DC and against Plaintiff Uziel (case #24CHVC00898) alleging money owed to Simons.

13. Plaintiff alleges that the case was assigned to Hon. David B. Gelfound, without notice to Plaintiff. Case Management Conference was scheduled for 12/16/2024. No notice of case assignment was ever served on Plaintiff.

14. Plaintiff alleges that on June 6, 2024 with the absence of Plaintiff, Defendants filed ex parte a fraudulent Proof of Personal service document, together with two requests for Entry of Default / Judgment - both rejected by the Clerk on June 7, 2024.

15. Plaintiff alleges that on 8/8/2024 Defendants filed ex parte, with the absence of Plaintiff, a "fresh Statement of Case", together with declarations of Mr. Stevens in support of default judgment pursuant to CCP§585, requesting ex parte default judgments against DC and Yehoram Uziel on the original sums stated in the original complaint filed on 3/19/2024.

16. Plaintiff alleges that without notice to plaintiff, on 8/12/2024 the court vacated the Case Management Conference originally scheduled for 12/16/2024 at 08:30 AM in Chatsworth Courthouse at Department F49.
17. Plaintiff alleges that on the same day 8/12/2024, the court granted ex parte default judgments against both defendants, each for damages of $165,415.00 to Simons, attorneys fees of $66,166.00 and costs of $681.18 for a total of $232,262.18 each.
18. Plaintiff alleges that the court without proper jurisdiction enabled extortion of $464,524.36 on Plaintiffs property.
19. Plaintiff alleges that on 8/14/2024 Mr. Simons filed ex parte Notice of Entry of Judgment As to: DC without notice to Plaintiff.
20. Plaintiff alleges that on 8/15/2024 Mr. Simons issued an Abstract of Judgment - Civil and Small Claim and served it via Email on Plaintiff.
22. Plaintiff alleges that he was surprised by the abstract of judgment, but on 8/26/2024 Plaintiff filed a motion to set aside / vacate the default judgment against Plaintiff.
23. Plaintiff alleges that Defendants ignored the motion to set aside and vacate the default judgment. On 8/28/2024 Plaintiff alleges that Defendants filed a writ of execution for a total of $233,247.36
24. Plaintiff alleges that on 9/10/2024 Mr. Simons filed two notices of levy, each for $233,247.36; one against the property of DC and another against the personal property of Uziel, for a total $464,524.36
25. Plaintiff alleges that on 12/2/2024 Plaintiff filed with the Court a Motion for leave of court to file a Cross-Complaint for extortion and for violation of plaintiff litigation rights,
26. Plaintiff alleges that on 1/23/2025 Uziel filed a preemptory challenge pursuant to CCP §170.6 to Honorable Judge David B. Gelfound.
27. Plaintiff alleges that on 1/28/2025 the Honorable David B, Gelfound granted

3
Uziel v LASC, et al Complaint

Uziel request for preemptory challenge.

28. Plaintiff alleges that on 3/4/2024 the Motion to Set Aside the Default Judgment was Denied by Judge Gelfound.

### First Cause of Action:
### CONSPIRACY TO EXTORT MONEY FROM PLAINTIFF

29. Plaintiff realleges and incorporates by this reference all of the allegations set forth in the preceding paragraphs of this Complaint.

30. Based on information and belief Plaintiff alleges that Defendant Simons had prior working relationship with Dept. 49 and personal knowledge of Honorable Judge Gelfound' reputation as an "attorney friendly" judge.

31. Plaintiff alleges that Defendant Simons don't have any admissible evidence sufficient to establish a cause of action against Plaintiff, on the grounds that Simons has never represented, or provided legal services to Plaintiff.

32. Plaintiff alleges that Defendant Simons has been only the attorney of record of DC. Thus, as DC' attorney of record, only Simons was allowed to represent DC in Court or accept service of legal papers against DC.

33. Plaintiff alleges that Simons also has no evidence to establish that DC has ever substituted the law office of Simons with another attorney.

34. Plaintiff alleges that despite allegations in ¶31-34 on about March 2024 Defendant Simons hired Defendant Weiner to extort money from Plaintiff without any evidence that Plaintiff owes Simons any money.

35. Plaintiff alleges that Defendants conspired to obtain a default judgment against Uziel from Judge Gelfound circumventing all the legal requirements set forth in FRDP Rule 11 before Plaintiff discovers that a law suit was filed against him.

36. Plaintiff alleges that the entire overt act of the conspirators is fully established on the docket of case #24CHCV00898 titled Simons VS DC Partners Et Al.

37. Plaintiff alleges that Mr. Simons timed the filing of Case #24CHCV00898 at the time that Plaintiff Uziel was outside the US and lied to the court about the proof of service.

38. Plaintiff alleges that the court abused its judicial powers, permitted defendants to file a complaint concurrent with "Notice of Entry of Default /Judgment" forms without notice to Plaintiff allowing for time to answer a complaint or object to the entry of default judgment.

39. Plaintiff alleges that on August 8, 2024 Defendant appeared ex parte, filed declarations in support of default judgment Pursuant to CCP §585, which the court rubber-stamped, without due process of law as required by the CCP §585 statute.

40. Plaintiff alleges extreme bias; adding insult to injury. On 8/12/2024 the Court, with the intent to conceal its involvement in the overt act, vacated the Case Management Conference scheduled for December 16, 2024.

41. Plaintiff alleges that to conceal his participation in the overt act, Defendant Judge Gelfound denied Plaintiff' a motion to vacate (set aside) the default judgments with the intent to ensure that litigation will never occur.

42. Plaintiff alleges that Uziel was damaged as a result of Judge Gelfound biased and legally defective ruling.

43. Plaintiff alleges that in committing such acts Defendants are guilty of oppression, fraud and malice, entitling Plaintiff to an award of exemplary and punitive damages in an amount deemed by a jury appropriate to punish Defendants and deter such conduct in the future.

////

////

////

## Second Cause Of Action:
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS VIOLATION OF 42 US CODE § 1985 (2) AND (3)

44. Plaintiff realleges and incorporates by this reference, all of the allegations set forth in the preceding paragraphs of this Complaint.

45. Plaintiff alleges that Defendants' conspired to deter, intimidate and prohibit Plaintiff, from challenging Simons' claims. Defendants relied on Judge Gelfound' known bias toward self represented litigants. Defendants knew that Judge Gelfound' court would take their hearsay allegations as facts without minimal due process to verify any. As the docket establishes, Defendants obstructed justice, tampered with evidence and with Plaintiff' right to testify to a matter pending in court pursuant to Title 42 Section 1985 (2), and 185 (3).

46. Plaintiff alleges, that Defendants committed their overt acts alleged herein with knowledge of their wrongfulness, and with the intent to injure Plaintiff.

47. Plaintiff alleges, that in committing the acts, Defendants are guilty of oppression, fraud and malice, entitling Plaintiff to jury award of exemplary and punitive damages in an amount appropriate to punish and deter Defendants from such conduct in the future.

## Third Cause Of Action: EXTRTION

48. Plaintiff realleges and incorporates by this reference, all of the allegations set forth in each of the preceding paragraphs of this Complaint.

49. Plaintiff alleges that Judge Gelfound violated 28 USC §455 and the Code of Conduct of United States Judges by: (1) assuming jurisdiction on this matter despite a preemptory challenge that he ruled on to remove himself from the proceedings relate to Plaintiff for a good reason; and (2)

6
Uziel v LASC, et al Complaint

intentionally ignored Federal criminal law to defraud his own court.

50. Plaintiff alleges that court authorization of leans against a party property without due process of law, not only abuse of the presiding judge' judicial privileged power but also cruel and unusual extortion of a litigant and unjustified punishment in violation of the Eight Amendment to the US Constitution.

51. Plaintiff alleges, that Defendants committed the extortion alleged herein with knowledge of its wrongfulness and with the intent to injure Uziel.

52. Plaintiff alleges, that in committing such acts, Defendants are guilty of oppression, fraud and malice, entitling Plaintiff to award of exemplary and punitive damages in an amount appropriate to punish and deter Defendants from such conduct in the future.

## PRAYER FOR RELIEF

1. For the overturn of all default judgment awards against Plaintiff.
2. For exemplary and punitive damages in an amount to be determined by a jury at trial;
3. For costs of litigating this Complaint and fees for prior actions

## DEMAND FOR A JURY TRIAL.

Pursuant to Federal Rules of Civil Procedure Rule 38 Plaintiff demands a trial by jury on all matters and issues raised herein.

DATED: March 18, 2025

By: _Yehoram Uziel_
Plaintiff

### DECLARATION OF YEHORAM UZIEL

I, Yehoram Uziel, declare:

1. I am a self represented Plaintiff in the above-entitled matter. I know the content thereof and certify that this pleading meets all the requirements set forth in FRCP Rule 11

2. I am the owner of DC Partners, Inc. (hereafter "DC"). Defendant Steven Simons has been the attorney of record of DC since 2012, and was never substituted as attorney of record. DC suspended its operations in 2018. To my best knowledge All the invoices issued by the Law Office of Simons were negotiated, and no outstanding invoice is due.

3. Defendant Simons never represented me as an individual. I have never signed an agreement retaining Simons to advise or represent me on any matter. Therefore the evidence, or lack thereof, establish that in this matter Simons sought a default judgment against his client DC; with the knowledge that only Simons can represent DC on this matter.

4. Because Judge Gelfound violated Federal laws I have no other recourse to contest the conspiracy and extortion by Defendants in Federal Court and demand a trial by jury.

5. All the allegations in this complaint are established on the docket of case # 24CHCV00898.

I certify under penalty of Perjury that the foregoing is true and correct.

DATED: March 15, 2025

By: Yehoram Uziel
Plaintiff