UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| YEHORAM UZIEL,<br><br>  Plaintiff,<br><br>  v.<br><br>HONORABLE DAVID B. GELFOUND, et al.,<br><br>  Defendants. | Case No. 2:25-cv-02364-DSF (DTB)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE PURSUANT TO FED.R.EVID. 201** |

    Plaintiff Yehoram Uziel ("Plaintiff") has filed a Request for Judicial Notice ("Request") wherein he requests that the Court take judicial notice of two documents pursuant to Federal Rule of Evidence 201 "in lieu of a certificate of proof of service of summons on Defendant Honorable Judge David B. Gelfound" (Request at 1). Attached to the Request as Exhibit "1" is a copy of "One Legal Accountability Report," which appears to be a document generated by a private process server regarding an attempt to serve process in the instant action. Attached as Exhibit "2" is what appears to be a minute order and certificate of mailing from the Los Angeles County Superior Court in Case No. 24CHCV00898, Simons v. DC Partners Inc., et al, pertaining to "a document . . . left with the Court's staff by Steven A. Simons."

1

Pursuant to Federal Rule of Evidence 201(b), a Court may take judicial notice of a fact that is not subject to reasonable dispute because it is (1) general known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. A court may not take judicial notice of a fact that is "subject to reasonable dispute." (Id.) A fact is "not subject to reasonable dispute" if it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Id. at (b)(1)-(2). Public records, including court documents are proper subjects of judicial notice. See, e.g., United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007).

Here, the Court finds Exhibit "1" is not suitable for judicial notice. It is neither a public record nor a court document, and there is no basis for the Court to conclude that Exhibit "1" is from a source whose accuracy cannot be reasonably questioned, as required by Fed.R.Evid. 201(b). Instead, the document appears to have been generated by a private entity, "One Legal," and appears to detail efforts to effectuate service of process in this action. As there is no basis to suggest this document is from a source whose accuracy cannot be reasonably questioned (Fed.R.Civ.P. 201(b)), it is not a proper subject for judicial notice.

With regard to Exhibit "2," the Court finds that it is a proper subject for judicial notice under Rule 201, as it is a court document in the form of an order from Los Angeles County Superior Court. Black, 482 F.2d at 1041. Accordingly, the Court grants the Request as to Exhibit "2."

However, to the extent Plaintiff seeks to use this Request in lieu of a proof of service of the Summons and Complaint on Defendant Gelfound, such request is DENIED. Judicial Notice of Exhibit "2" does not evidence proper service of process on Defendant Gelfound such that it constitutes proof of service as required by Fed.R.Civ.P. 4.

Instead, Exhibit "2", p.2, reflects only that a document was left with court staff by Steven A. Simons, who is listed as the plaintiff in the caption of the action in which the minute order was prepared. It appears from the minute order that the court directed that copies of the document be sent to the parties in the action, and also that a copy be filed under seal. There is no indication in the document that the requirements for service of process as set forth in Fed.R.Civ.P. 4 were complied with or otherwise met.

Accordingly, the Court takes judicial notice of Exhibit "2." However, the Court finds that Exhibit "2" is not sufficient to demonstrate proof of service of process on Defendant Gelfound for purposes of Fed.R.Civ.P. 4.

Dated: May 20, 2025

_____
DAVID T. BRISTOW
United States Magistrate Judge

3