# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YEHORAM UZIEL,<br>            Plaintiff,<br><br>v.<br><br>DAVID B. GELFOUND, et al.,<br>            Defendants. | CV 25-2364 DSF (DTB)<br><br>ORDER ACCEPTING REPORT<br>AND RECOMMENDATION OF<br>UNITED STATES<br>MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint (Dkt. 1), the Special Motions to Strike (Dkts. 18, 21), Defendant Judge Gelfound's Motion to Dismiss the Complaint ("Judge Gelfound's Motion to Dismiss"; Dkt. 23), Plaintiff's Opposition Judge Gelfound's Motion to Dismiss (Dkt. 30), Defendants Steven A. Simons's and Robert A. Wiener's Joinder to Motion to Dismiss (Dkt. 31); the Report and Recommendation of the Magistrate Judge ("Report"; Dkt. 48), the Objections from Defendants Simmons and Weiner (Dkt. 52), Plaintiff's Response to those Objections (Dkt. 53), Plaintiff's own Objections (Dkt. 54), and other relevant records on file.  Defendants had until March 16, 2026, to optionally respond to Plaintiff's Objections (Dkt. 49), but no such response has been received.

The Court has conducted a <u>de novo</u> review of the portions of the Report to which Objections from both parties were directed.  Although not required, the Court briefly addresses the following.  <u>See</u> <u>United States v. Ramos</u>, 65 F.4th 427, 434 (9th Cir. 2023) ("the district court ha[s] no obligation to provide individualized analysis of each objection"); <u>Wang v. Masaitis</u>, 416 F.3d 992, 1000 (9th Cir. 2005) (affirming a cursory district court order summarily adopting, without

addressing any objections, a magistrate judge's report and recommendation).

Plaintiff contends that the Report essentially justifies the default judgments in his underlying state-court action, which punishes him because he never had a jury trial on those matters, a remedy he seeks in the Complaint.  See Dkt. 1 at 8; Dkt. 53 at 4; Dkt. 54 at 7-8.  The Court has previously rejected a substantially similar argument by Plaintiff.  See Uziel v. Superior Ct. of California for Cnty. of Los Angeles, No. CV 19-1458 DSF (JEM), 2020 WL 2528818, at *5-6 (C.D. Cal. Mar. 23, 2020), report and recommendation adopted, No. CV 19-1458 DSF (JEM), 2020 WL 2523108 (C.D. Cal. May 18, 2020), aff'd sub nom. Uziel v. Superior Ct. of California, No. 20-55554, 2021 WL 3721777 (9th Cir. Aug. 23, 2021).  As previously explained, for Plaintiff to receive jury-trial relief would require this Court to review and reverse state-court rulings, which is "absolute[ly] bar[red]" by the Rooker-Feldman doctrine.  See Uziel, No. CV 19-1458-DSF (JEM), 2020 WL 2528818, at *5-6; Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) ("[t]he clearest case for dismissal based on the Rooker-Feldman doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." (alteration in original) (citation omitted)).  The Report here properly reiterates the lack of jurisdiction for such review in federal court.  See Dkt. 48 at 13-17.

As such, the Court accepts and adopts the Report.

Accordingly, it is ordered that:

1.  Plaintiff's and Defendants' Objections are OVERRULED (Dkts. 52, 54).

2.  Defendant Judge Gelfound's Motion to Dismiss is GRANTED (Dkt. 23), and all claims alleged against Judge Gelfound are dismissed without leave to amend under the Rooker-Feldman doctrine, based on absolute judicial immunity, and based on Eleventh Amendment immunity.

3.  Defendants Simons's and Wiener's Joinder to Motion to Dismiss is GRANTED in part and DENIED in part (Dkt. 31).  The claims for conspiracy to extort money from Plaintiff and for extortion under 18 U.S.C. § 1951 against defendants Simons and Wiener are dismissed without leave to amend, and the other claim alleged against Defendants Simons and Wiener is dismissed with leave to amend.

4.  Defendants Simmons's and Wiener's Special Motions to Strike are DENIED (Dkts. 18, 21).

5.  if Plaintiff still desires to pursue this action, he must file a First Amended Complaint within thirty (30) days of the date of this Order remedying the deficiencies discussed in the Report.

6.  The Clerk serve this Order and the Report on all counsel or parties of record.

IT IS SO ORDERED.

Date: April 14, 2026

_____
Dale S. Fischer
United States District Judge

3